IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DETERSOL, S.A. de C.V., <br><br> Plaintiff, <br><br> v. <br><br> BENSO CORPORATION, d/b/a GENERAL CANDY IMPORTS, et al., <br><br> Defendants. | CIVIL NO.: 11-1341 (MEL) |

**OPINION AND ORDER**

On April 14, 2011, plaintiff Detersol, S.A. de C.V. ("Detersol" or "plaintiff") filed a verified complaint against defendants Benso Corporation d/b/a General Candy Imports ("Benso"), Universal Products, Inc. ("Universal"), Benjamín Negrón, his spouse and the conjugal partnership they form (together, "defendants") for several claims involving the alleged violation of a non-exclusive sales and distribution agreement between Detersol and Benso.[1]  (Docket No. 1.)  On July 6, 2011, defendant Benso filed an answer and counterclaim.[2]  (Docket No. 26.)  That same day, defendants Universal, Negrón, Quijano-Borges, and the Negron-Quijano conjugal partnership (the "Moving Defendants") filed a motion to dismiss the complaint.  (Docket No. 27.)

Pending before the court is plaintiff's motion to disqualify attorneys Samuel F. Pamias Portalatín, Esq. ("Pamias-Portalatín") and Jaime A. López Rodríguez, Esq. ("López-Rodríguez"),

---

[1]On July 20, 2011, plaintiff filed an amended verified complaint (the "amended complaint"), identifying Negrón's spouse as Somarie Quijano Borges ("Quijano-Borges").  (Docket No. 40.)

[2]Defendant Benso filed its answer to the amended complaint and counterclaim on August 14, 2011. (Docket No. 72.)

1

as well as their firm, Hoglund & Pamias, P.S.C. (collectively, "Hoglund"), as counsel for defendants, claiming that Hoglund is prohibited from concurrently representing all defendants in this matter. (Docket No. 47, p. 2.)  Defendants have filed an opposition.  (Docket No. 71.)

Attorneys practicing law in this district must comply with the American Bar Association Model Rules of Professional Conduct (the "Model Rules").  Local R. 83E; see Hill v. Culebra Conservation & Dev. Auth., 599 F. Supp. 2d 88, 91 (D.P.R. 2009).  As relevant here, Model Rule 1.7 states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Model Rule 1.7 (2011).

In this case, plaintiff claims that the Moving Defendants have created an "irreconcilable conflict of interest" by arguing in their motion to dismiss that since the distribution agreement at issue was between plaintiff and Benso, Benso is the "sole party responsible for all of [p]laintiff's claims." (Docket No. 47, p. 4.)  Plaintiff contends that such a position necessarily impairs Hoglund's

duty of loyalty to Benso, which the firm also represents in this matter, as ultimately the other defendants are attempting to "sacrifice Benso for the benefit of Universal." (Docket No. 47, pp. 4-5.) Defendants counter, however, that plaintiff has mischaracterized the motion to dismiss, and – furthermore – that all defendants have given informed consent to Hoglund's representation. (Docket No. 71.)

While a conflict of interest may exist where an attorney or firm represents parties with incompatible positions, such is not the case here. See Model Rule 1.7, cmt. 23. Contrary to plaintiff's assertions, the Moving Defendants do not argue in their motion to dismiss that Benso is ultimately liable to plaintiff, but rather that Benso is the only defendant with whom plaintiff had contractual dealings. (Docket No. 22, pp. 2-4.) Specifically, the Moving Defendants seek dismissal based on their assertions that Universal is not Benso's successor-in-interest, and that defendant Negrón has not dealt with plaintiff in his personal capacity. (Docket No. 27, pp. 2-3.) Such a position does not contradict Benso's denial of plaintiff's claims. (Docket No. 72.) In view of this, plaintiff has failed to show that Hoglund's representation of the Moving Defendants is directly adverse to its representation of Benso, or that Hoglund's representation of all defendants in this matters creates a "significant risk" that the representation of Benso will be "materially limited" by Hoglund's responsibilities to the Moving Defendants. See Model Rule 1.7. Plaintiff has thus failed to establish that a concurrent conflict of interest exists. Id. Moreover, even if such a conflict were to exist, Hoglund asserts that – since the beginning of this case – all defendants have been "fully informed ... of the legal consequences, risks and disadvantages of them being represented by the

same counsel[,]" and that all defendants have voluntarily consented to Hoglund's representation and waived any potential conflict of interest.³  (Docket No. 71, pp. 5-6.)

In light of the above, plaintiff's motion to disqualify (Docket No. 47) is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 16th day of August, 2011.

s/Marcos E. López
U.S. Magistrate Judge

---

³It is, however, unclear from defendants' opposition whether said consent was confirmed in writing. (Docket No. 71, pp. 5-6); see Model Rule 1.7, cmt. 20.